# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. MAJOR,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | Case No. 1:21-cv-00166-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On January 15, 2021, Petitioner filed the instant petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On February 11, 2021, the petition was transferred to the Fresno Division. (ECF No. 4).

In the petition, Petitioner challenges the California Department of Corrections and Rehabilitation's calculation of Petitioner's custody credits. (ECF No. 1 at 1).[1] Petitioner also alleges that he has been unlawfully housed in the security housing unit ("SHU") for refusing to submit to COVID-19 testing. Petitioner alleges that he is a Jehovah's Witness and conscientious

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

objector. Petitioner asserts violations of the First, Eighth, Ninth, and Eleventh Amendment. (ECF No. 1 at 2).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### A. Exhaustion

It appears that Petitioner may have failed to exhaust his claims in the instant petition. A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claims. 28 U.S.C. § 2254(b)(1). Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

### B. Conditions of Confinement

A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit

recently adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

In addition to his claim regarding the alleged miscalculation of custody credits, Petitioner also alleges that he has been unlawfully housed in the SHU for refusing to submit to COVID-19 testing, in violation of the First, Eighth, Ninth, and Eleventh Amendment. (ECF No. 1 at 2). The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles, 830 F.3d at 933 (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). Accordingly, Petitioner will be required to show cause why the Court has habeas jurisdiction over his conditions of confinement claims.

### III.

### ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed based on failure to exhaust state judicial remedies and failure to state cognizable federal habeas corpus claims.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **March 4, 2021**

UNITED STATES MAGISTRATE JUDGE