# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. MAJOR,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　Respondent. | Case No. 1:21-cv-00166-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On January 15, 2021, Petitioner filed the instant petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On February 11, 2021, the petition was transferred to the Fresno Division. (ECF No. 4).

In the petition, Petitioner challenges the California Department of Corrections and Rehabilitation's calculation of Petitioner's custody credits. (ECF No. 1 at 1).[1] Petitioner also alleges that he has been unlawfully housed in the security housing unit ("SHU") for refusing to

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

submit to COVID-19 testing due to his beliefs as a Jehovah's witness. Petitioner asserts violations of the First, Eighth, Ninth, and Eleventh Amendment. (ECF No. 1 at 2).

On March 4, 2021, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state judicial remedies and failure to state cognizable federal habeas corpus claims. On March 17 and March 26, Petitioner filed declarations, (ECF Nos. 9, 10), which the Court construes as his responses to the order to show cause.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### A. Constitutional Violations Arising From Refusal to Submit to COVID-19 Testing

A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

In addition to his claim regarding the alleged miscalculation of custody credits, which is addressed in section II(C), *infra*, Petitioner alleges that he has been unlawfully housed in the SHU for refusing to submit to COVID-19 testing, in violation of the First, Eighth, Ninth, and Eleventh Amendment. (ECF No. 1 at 2). The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles, 830 F.3d at 933 (citing

Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). Accordingly, Petitioner's claims regarding his refusal to submit to COVID-19 testing are not cognizable in federal habeas corpus.

## B. Conversion to § 1983 Civil Rights Action

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

The Court finds that it would be inappropriate to construe the habeas petition as a § 1983 complaint. Petitioner does not name any respondent in this matter, and it is unclear who would be the proper defendant in a civil rights action. This conclusion, however, does not preclude Petitioner from pursuing his claims in a properly filed civil action brought pursuant to 42 U.S.C. § 1983.

## C. Exhaustion of Miscalculation of Credits Claim

It appears that Petitioner failed to exhaust his miscalculation of credits claim in the instant petition. A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

///

In his response to the order to show cause, Petitioner states that he filed a petition for writ of habeas corpus in the state superior court. (ECF No. 9 at 1). However, as Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claim. 28 U.S.C. § 2254(b)(1). Accordingly, the Court finds that Petitioner's miscalculation of credits claim is unexhausted and should be dismissed.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 30, 2021**                          _____

UNITED STATES MAGISTRATE JUDGE