UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. MAJOR,<br><br>    Petitioner,<br><br> v.<br><br>UNKNOWN,<br><br>    Respondent. | No. 1:21-cv-00166-NONE-SAB-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 12) |

  Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus purportedly brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On April 30, 2021, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be dismissed without prejudice. (Doc. No. 12.) First, petitioner alleges that he has been housed in the security housing unit for refusing to submit to COVID-19 testing due to his beliefs as a Jehovah's Witness. (Doc. No. 1 at 2.) The magistrate judge found that because this allegation concerns the conditions of petitioner's

/////

/////

/////

1

confinement, federal habeas relief is not available to him with respect to this claim.[1]  (Doc. No. 12 at 2–3.)  Second, petitioner challenges the California Department of Corrections and Rehabilitation's calculation of his custody credits (Doc. No. 1 at 1–2), and further indicates that he filed a petition for writ of habeas corpus in the state superior court (Doc. No. 9 at 1).  Because petitioner has not yet presented his claim in this regard to the California Supreme Court, however, the magistrate judge found that his miscalculation of credits claim is not yet exhausted and should be dismissed at this time.  (Doc. No. 12 at 3–4.)

The findings and recommendations were served petitioner and contained notice that any objections thereto were to be filed within thirty (30) days of the date of service of the findings and recommendations.  To date, no objections have been filed, and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court holds the findings and recommendations to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  The court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore, the court declines to issue a certificate of appealability.

---

[1] The magistrate judge did not find it appropriate to construe the habeas petition as a § 1983 complaint because petitioner does not name any respondent in this matter.  (Doc. No. 12 at 3 ("This conclusion, however, does not preclude Petitioner from pursuing his claims in a properly filed civil action brought pursuant to 42 U.S.C. § 1983.").)

Accordingly,

1. The findings and recommendations issued on April 30, 2021, (Doc. No. 12), are adopted in full;
2. The petition for writ of habeas corpus is dismissed without prejudice;
3. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **July 15, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE